IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.

**DEBORAH  DAVIS and ENRIQUE MADRINAN,**

  **Plaintiffs,**

**vs.**

**TACOCRAFT LBTS LLC, d/b/a Taco Craft, J.E.Y. HOSPITALITY GROUP LLC, and FISHERMAN'S PIER INC.,**

  **Defendants.**

_____/

## COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF

Plaintiffs, DEBORAH DAVIS and ENRIQUE MADRINAN, (hereinafter sometimes collectively referred to as "Plaintiffs"), hereby sue the Defendants, TACOCRAFT LBTS LLC, d/b/a Taco Craft, J.E.Y. HOSPITALITY GROUP LLC, and FISHERMAN'S PIER INC., for declaratory and injunctive relief, attorneys' fees, costs and litigation expenses (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. § 12181, *et seq.,* of the Americans With Disabilities Act, ("ADA"), the American With Disabilities Act Accessibility

-1-

Guidelines (hereinafter "ADA Standards"), the Florida Americans With Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction[1] (hereinafter collectively referred to as "FACBC"), at a property bearing the business name TacoCraft, and related facilities (including the outdoor seating), located at 4400 Ocean Drive, Lauderdale by the Sea, FL 33308, (hereinafter sometimes referred to as the "Facility" or "Subject Premises").

## JURISDICTION

1.    This Court has original jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 1343 for Plaintiffs' claims arising under Title 42 U.S.C. §§ 12181, *et seq.*, based on Defendant's violations of Title III of the Americans with Disabilities Act (hereinafter "the ADA").  *See also* 28 U.S.C. §§ 2201 and 2202.

2.    This Court also has pendant jurisdiction over all State law claims pursuant to Title 28 U.S.C. § 1367(a).

3.    Venue in this district is proper under Title 28 U.S.C. § 1391, since all acts or omissions giving rise to this action occurred in the Southern District of Florida, Broward County, Florida, and the subject Premises is located in Broward County, Florida.

---

[1] Florida Statutes §§ 553.501 through 553.513 and Florida Building Code Chapter 11.

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

## PARTIES

## PLAINTIFF DEBORAH DAVIS

4.   Plaintiff, Deborah Davis, is a resident of the State of Florida, is *sui juris*, and is a qualified individual under the ADA and the FACBC who has been intentionally denied access to the Subject Premises as set forth more fully herein, and who will continue to be intentionally denied such access without the injunctive relief requested herein.

5.   Plaintiff Davis is limited in one or more major life activities, as a result of a severe spinal cord injury which requires her to use a wheelchair to ambulate.

6.   Plaintiff Davis is a mother, college graduate and professional who frequently travels locally and internationally, dines out often in her personal and professional capacities, and who is also an actively social, fiercely independent, and highly educated, individual.

7.   Plaintiff and her friend visited TacoCraft, the property which forms the basis of this lawsuit, on or about February 11, 2019. During her visit, Plaintiff was unable to access the bar counter at TacoCraft, nor was she able to access any of the permanent seating provided outdoors on Commercial Boulevard, all due to the

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

presence of high counter and permanently installed high-top tables, with no accessible seating spaces provided.

8.     Plaintiff Davis, a resident of South Florida who resides well within a 25 mile radius of the restaurant, will return to the subject premises once the architectural barriers to access and discriminatory policies and procedures violating the ADA and the FACBC are no longer present.

9.     Similar to most able-bodied patrons, Ms. Davis looks forward to revisiting Taco Craft to partake in the full and equal enjoyment of the amenities, goods, services, facilities, privileges, advantages and accommodations offered to the general public by this facility; chief among them is the opportunity for a nice, laid back moment nursing a drink at its admittedly very nice bar while enjoying the atmosphere inside, sitting casually at the permanent seating spaces provided for able-bodied patrons viewing the beach and enjoying the scene on Commercial Boulevard.

10.    However, Plaintiff Davis is deterred from returning as long as the discriminatory barriers and policies described herein continue to exist at the Premises.

### PLAINTIFF ENRIQUE MADRINAN

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601  ● Fax: 305.372.2323

11.  Plaintiff, Enrique Madrinan, is a resident of the State of Florida, is *sui juris*, and is a qualified individual under the ADA and the FACBC who has been intentionally denied access to the Subject Premises as set forth more fully herein, and who will continue to be intentionally denied such access without the injunctive relief requested herein.

12. Plaintiff Madrinan is limited in one or more major life activities, as a result of a severe spinal cord injury which requires him to use a wheelchair to ambulate and who retains limited manual dexterity.

13. Plaintiff Madrinan is a father, college graduate and professional who frequently travels locally and internationally, dines out often in his personal and professional capacities, and is also an actively social, fiercely independent, highly educated, professionally licensed individual.

14.  Plaintiff Madrinan visited Taco Craft, the property which forms the basis of this lawsuit, on or about July 24, 2019, but Plaintiff was unable to access the bar counter at TacoCraft, nor was he able to access any of the permanent seating provided outdoors on Commercial Boulevard, all due to the presence of high counter and permanently installed high-top tables, with no accessible seating spaces provided.

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

15.     Plaintiff Madrinan, a resident of South Florida who resides well within a 25 mile radius of the restaurant, will return to the subject premises once the architectural barriers to access and discriminatory policies and procedures violating the ADA and the FACBC are no longer present.

16.     Similar to most able-bodied patrons, Plaintiff Madrinan and his fiancé look forward to revisiting TacoCraft to partake in the full and equal enjoyment of the amenities, goods, services, facilities, privileges, advantages and accommodations offered to the general public by this facility; chief among them is the opportunity for a nice, laid back moment nursing a drink at its bar while enjoying the atmosphere inside, as well as sitting casually at the permanent seating spaces provided for able-bodied patrons viewing the beach and enjoying the scene on Commercial Boulevard.

17.     However, Plaintiff Madrinan is deterred from returning as long as the discriminatory barriers and policies described herein continue to exist at the Premises.

**<u>DEFENDANTS</u>**

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601  ● Fax: 305.372.2323

18.   The Defendant, FISHERMAN'S PIER INC., is a corporation registered to do business in the State of Florida and is the owner/landlord/lessor of the Subject Premises which includes the restaurant and related facilities.

19.   The Defendant, TACOCRAFT LBTS LLC, is a registered Limited Liability Corporation that is authorized to, and does, transact business in the State of Florida. Upon information and belief, this Defendant is a tenant at the facility and is the operator and/or lessee of a restaurant therein which is commonly known as Taco Craft Taqueria & Tequila Bar, located at 4400 Ocean Drive, Lauderdale by the Sea, FL 33308, which is the subject of this action.

20.   The Defendant, J.E.Y. HOSPITALITY GROUP LLC, is a limited liability corporation that is authorized to, and does, transact business in the State of Florida. Upon information and belief, this Defendant is the parent company and controlling entity for Taco Craft and various other restaurants in South Florida.

## TACO CRAFT RESTAURANT – LAUDERDALE by the SEA

21.   Taco Craft in Lauderdale by the Sea, the restaurant which is the subject of this action, opened for business on or about January 24, 2019, and is thus subject to the "New Construction" standards of the ADA and its implementing regulations as set forth in 28 CFR § 36.306(a).

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

22.     As a "new construction" facility, Taco Craft, the restaurant which is the subject of this action, was required to follow the requirements of the 2010 ADA Standards, including both the Title III regulations at 28 CFR part 36, subpart D; and the 2004 ADAAG at 36 CFR part 1191, appendices B and D.

23.     Upon information and belief, Taco Craft is one of a number of "Taco Craft" restaurants opened and located in SE Florida by the Taco Craft development team known as the J.E.Y. Hospitality Group. *See*, https://J.E.Y.group.com/. By Defendants' own admission,

> "Just Enjoy Yourself. J.E.Y. Hospitality Group is a full service hospitality group that has established a collection of award-winning hospitality and lifestyle concepts throughout South Florida including Miami, Broward and Palm Beach Counties. Concepts include ROK: BRGR, Henry's Sandwich Station, ***Taco Craft***, Mercado Negro, Pizza Craft and the Apothecary 330. Co-founded by Marc Falsetto & Charles Hazlett, J.E.Y. strives to create venues that appeal to a wide variety of guests ***and raise the bar with cutting edge designs***…. With its continued success in South Florida and countless culinary awards, J.E.Y. Hospitality Group has a steady growth plan that will take its current brands and new concepts throughout the country."

*See,* https://J.E.Y.group.com/about-us/ (Emphasis added).

-8-

24.   In addition to Taco Craft, upon information and belief, J.E.Y. Hospitality Group LLC, is also the parent company and controlling entity for a number of restaurants in S. Florida including ROC BRGR (3 locations),

25.   A search of various data bases, including Pacer®, reveals that there has been one prior ADA case against another Taco Craft controlled by Defendant J.E.Y. Hospitality Group and a similarly associated entity at a separate location. *See*, *Cohan v. 222 Taco Inc*; SDFla Case No. 17-cv-62442-DPG. The complaint in this prior case raised the lack of accessible seating, as well as restroom and other barriers to access. *See Cohan* at DE: 1. The prior case was dismissed in April 2018, with the Court retaining jurisdiction to enforce the Parties' agreement (which remains confidential). *See, Cohan* at DE: 10.

26.   As of the filing of the instant Complaint, well over one (1) year since the Order of dismissal entered in the prior case, and well over two (2) years since same was filed, the bar and indoor dining seating spaces of the premises which was the subject of the prior suit remains inaccessible to Plaintiffs and those similarly situated and is subject to still another ADA suit for access.

27.   Moreover, A search of various data bases, including Pacer®, reveals that there has been one prior ADA case against still another property for which

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

Defendant, J.E.Y. Hospitality Group LLC, is the controlling entity and whose Registered Agent and Managing Partner, Marc E. Falsetto, also owns the Trademark known as ROK BGR located at 600 Silks Run, #1210, Hallandale Beach FL 33009.

28.    The prior ADA action is the case of _Cohan v. Rok & Horses, LLC_, SDFla Case No. 0:16-cv-61587-WJZ, ("ROC Burger Prior Case") which raised similar issues to those set forth in the instant complaint and the prior suit against Defendants in Taco Craft. _See_ ROC Burger Complaint [DE: 1].

29.    The ROC Burger prior case referenced in the immediately preceding paragraph, ended by way of a Consent Decree for which the Court retains enforcement jurisdiction.

30.    The existence of prior ADA cases against no less than two (2) of the entities under its control, coupled with their failure to adhere to the New Construction Guidelines, serves as _prima facie_ evidence that Defendants herein knew or should have known of its responsibilities and requirement to ensure that architectural barriers are removed and that required elements are accessible to those with disabilities, such as the instant Plaintiffs. Defendants failed to do so.

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601  ● Fax: 305.372.2323

31.     Consequently, Plaintiffs stress that Defendants' violations of the ADA as raised in this Complaint are intentional in nature and cannot be overcome absent a permanent injunction with retention of jurisdiction to ensure judicial oversight in order to ensure that Defendants are not able to return to their old ways of blatantly intentionally subjecting the Plaintiffs and all those similarly situated to their discriminatory conduct.

32.     A permanent injunction is also required to compel employee and management training so as to ensure that existing discriminatory policies and procedures are terminated and not repeated, and that accessible elements are installed and maintained.

## ADA REGULATORY REGIME FOR NEW CONSTRUCTION

33.     Pursuant to 28 CFR part 36.406(a)(3) this facility was required to provide an accessible bar counter and accessible table seating spaces consistent with 2010 Standard § 902 at the date of First Occupancy.

34.     Pursuant to 28 CFR part 36.406(a)(3), the facility was required to design and construct its bar counters and a number of nearby table seating to be readily accessible to and usable by individuals with disabilities as of the date of first occupancy.

-11-

35.     Pursuant to 28 CFR § 36.401(a), the facility was required to provide an accessible forward approach to a designed-integrated lowered section of any and all bar counters to be accessible in relation to the respective total number of standing and seating spaces at the bars as of the date of first occupancy and otherwise fully comply with 2010 ADA Standard § 902, 904, 305 and 306.

36.     The 2010 ADA Standards have been fully noticed, are readily available and easily referenced at 36 CFR § 1191, *et seq.*, and consist of the 2004 ADAAG and the requirements contained in subpart D of 28 CFR part 36.

37.     Pursuant to 28 CFR part 36.406(a)(3), this facility is required to comply with the 2010 ADA Standards as of the date when the last application for a building permit or permit extension is certified to be complete by a State, county, or local government (or, in those jurisdictions where the government does not certify completion of applications, if the date when the last application for a building permit or permit extension is received by the State, county, or local government) is on or after March 15, 2012, or if no permit is required, if the start of physical construction or alterations occurs on or after March 15, 2012.

## DEFENDANTS ARE INTENTIONALLY VIOLATING THE ADA

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

38.     Defendant, TACOCRAFT LBTS LLC's parent company/controlling entity, J.E.Y. HOSPITALITY GROUP LLC, has been the subject of two prior ADA lawsuits at other, separate location. *See* ¶15 – 18 *supra*.

39.     As a result of the prior suits, Defendants knew or should have known they were failing to construct and design the facility as of first occupancy to be readily accessible to and usable by individuals with disabilities as required by the ADA. Defendants failed to do so.

40.     As a result of the prior suits, Defendants knew or should have known they had failed to remove architectural barriers, which removal is readily achievable, so that the facility would be readily accessible to and usable by individuals with disabilities to the maximum extent feasible as required by the ADA.

41.     Defendants knew or should have known that the common seating design modules and schemes approved and used by Defendants, contain bar counters far above the height permitted by law to be accessible.

42.     Defendants knew or should have known that the common seating design modules and schemes approved and used by Defendants fail to provide adequate and sufficient accessible seating within all areas of the facility.

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

43.     Plaintiffs allege that Defendants uniformly approved the use of these unlawful design modules/schemes at their facility's bar counters intentionally disregarding the accessibility requirements of the ADA.

44.     Plaintiffs allege that Defendants approve and utilize these inaccessible modular structures to ensure uniformity of design, feel and functionality at its locations which purposely exclude individuals who require a wheelchair to ambulate, including the instant Plaintiffs.

45.     Plaintiffs further allege that Defendants' in-house design committees uniformly orchestrate and approve the use of the inaccessible common design of the bar counter with deliberate indifference to, and disregard for, Plaintiffs and those similarly situated.

46.     Plaintiffs further allege that Defendants' in-house design committees uniformly orchestrate, and continue to approve, a policy of using inaccessible tables and booths throughout this and other facilities under their control, thereby further serving to isolate Plaintiffs, both physically and emotionally, and denying them the full enjoyment of the amenities, services, privileges, activities and accommodations of the facility.

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

47.     As a result, and for additional reasons set forth herein, it cannot reasonably be denied that Defendants have intentionally discriminated against these Plaintiffs and all those similarly situated.

48.     The egregiousness of Defendants' offending conduct, including the existence of discriminatory policies and procedures, combined with their history of denying access to individuals with disabilities such as the Plaintiffs and others similarly situated, compel this Court to retain continuing jurisdiction and oversight over this action until it is absolutely clear the offending conduct set forth herein cannot reasonably be repeated and Defendants be allowed to return to their old discriminatory ways, including re-implementing discriminatory policies and procedures.

49.     Plaintiffs have visited the subject premises in an attempt to enjoy and partake in the accommodations, amenities, privileges, goods, services and experience offered by this public accommodation.

50.     Plaintiffs will return to the property to avail themselves of the full enjoyment of the amenities, goods services, privileges and accommodations offered to the public at the property, and to determine whether the existing barriers to access at the property, which currently serve to segregate and confine them from

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

accessing a central aspect of this facility, have been remedied to achieve the inclusion required by the ADA and FACBC statutory and regulatory regimes.

51.     However, Plaintiffs are deterred from returning to Taco Craft until the architectural barriers to access and discriminatory policies which prevent them from the full and equal enjoyment of the accommodations, activities, goods, amenities and services otherwise provided to able-bodied patrons, are removed.

52.     The Plaintiffs have encountered and have direct knowledge of the architectural barriers to access and discriminatory policies at the subject property which discriminate against them solely on the basis of their disabilities and which prevent them from exercising their rights to the full and equal enjoyment of the goods, privileges, services, amenities and accommodations otherwise offered by the Defendants to able-bodied patrons. These architectural barriers and discriminatory policies also prevent Plaintiffs from returning to the property to enjoy the goods and services available to the public.

53.     Due to Defendants' ADA violations set forth herein, Plaintiffs were not able to, and still cannot, access the indoor bar, tables and booths at the premises and avail themselves of the full and equal enjoyment of the various

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

amenities, privileges, goods, services and accommodations otherwise offered to able bodied patrons by the Defendants.

54.    The Defendants' indoor bar counter does not provide accessible seating spaces.

55.    There is no permanent accessible seating spaces provided at the sidewalk dining on Commercial Boulevard where only permanent inaccessible high top tables are provided for the able-bodied.

56.    Due to Defendants' ADA violations, there is no accessible seating space provided at the booth accommodation and amenity, but otherwise provided to able-bodied patrons.

57.    The above discriminatory barriers and policies serve to intensify the overt discriminatory effect, dignitary harm and isolation Defendants' policies and actions visit upon the Plaintiffs and all those similarly situated who present with disabilities that require a wheelchair to ambulate and with limited manual dexterity.

58.    By failing to create accessible seating spaces at the bar and dining room (including at least one booth), Defendants have intentionally erected a discriminatory architectural format, and exacerbated its failures by intentionally

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

promoting a policy and procedure that serves to isolate, shun, diminish and confine individuals with disabilities from interaction with the bartender and bar patrons, other diners, and further remove Plaintiffs away from the "action" and activities otherwise provided to able-bodied patrons at the Main Bar, indoor dining room and the facility at large, and, instead, relegate Plaintiffs and those similarly situated to the sidewalk and the elements.

59.     Based on Defendants' history of ADA violations and litigation, it cannot reasonably be asserted that Defendants can be trusted to implement and conform with policies that will ensure an end to Defendants' intentionally discriminatory actions and create the access and inclusion required by the ADA.

60.     Defendants cannot legally or reasonably dispute that providing access as Plaintiffs demand herein is required and fully readily achievable.

61.     Because the Taco Craft facility is New Construction, Defendants had a legal duty to ensure that the indoor bar and dining room and booths were each designed and constructed to be readily accessible to and usable by Plaintiffs as of the date of first occupancy. Defendants intentionally failed to do so.

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

62.     Because Taco Craft is new construction, Defendants may not readily avail themselves of the defenses and exceptions typically available within the ADA alteration standards, including but not limited to, the readily achievable standard.

63.     Defendant's failures herein described evince a systematic, purposely thought-through scheme to intentionally discriminate against the Plaintiffs, and which has resulted in a disparate effect and discriminatory impact upon Plaintiffs and all those similarly situated.

64.     Plaintiffs have been, and will continue to be, denied full access and the equal enjoyment of the amenities, services, goods, privileges activities and accommodations, at the subject premises, as provided by the ADA and the FACBC, unless the injunctive relief requested herein is granted.

65.  Defendants intentionally ignore the ADA requirements and ignore their obligation to comply with Court-approved ADA agreements to remove barriers to access, and instead promote discriminatory policies and procedures which prevent access and inclusion, and lead to the inexorable conclusion that, unless the injunctive relief requested herein is granted, access and inclusion as contemplated by the ADA will not occur at this facility, and Plaintiffs will continue to be

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

deterred from and denied full access to Taco Craft as required by the ADA and the FABC.

## COUNT I

### Americans with Disabilities Action
### for Injunctive Relief

66.     This action arises pursuant to Title 42 U.S.C. § 12181, *et seq.* ("Americans With Disabilities Act").

67.     Plaintiffs adopt and re-allege the allegations stated in paragraphs 1 through 65 of this Complaint as if fully stated herein.

68.     On July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*

69.     Pursuant to 42 U.S.C. § 12181(7) and 28 CFR § 36.104, the Premises which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

70.     The Congressional legislation provided commercial businesses one and a half (1½) years from the enactment of the ADA to implement the requirements imposed by the ADA.  The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant has ten (10) or fewer

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

employees and gross receipts of $500,000 or less.  *See* 42 U.S.C. § 12181; 28 CFR § 36.508(a).

71.     Pursuant to 42 U.S.C. §12183, Defendant had a legal duty to be in full compliance with the ADA as of January 26, 1993 at the latest. The ADA required Defendant to ensure the bar counters, booths and wall counters were designed and constructed to be readily accessible to and usable by individuals with disabilities, such as the Plaintiff, as of the date of first occupancy. Defendant failed to do so.

72.     Pursuant to the mandates of 42 U.S.C. § 12134(a), the United States Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA.  *See* 28 CFR § 36, ADA Accessibility Guidelines (hereinafter referred to as "ADAAG").

## 1990 STANDARDS - PRE-MARCH 2012 GUIDELINES

73.     Prior to March 2012, pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in Appendix A to 28 C.F.R. part 36 ("ADAAG") (pre-2012). Failure to comply with these requirements constitutes a violation of the ADA.

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131  Phone:  305.372.9601  ● Fax: 305.372.2323

74.    Prior to March 2012, under certain conditions never present here, the ADAAG at 28 CFR 36, App A, 5.2, permitted service at an accessible table nearby to serve as a reasonable accommodation to an actual seat at the Bar.

75.    Similarly, prior to March 2012, the ADAAG 28 CFR 36, App A, 7.2(2)(ii) permitted the installation of an auxiliary lowered counter as a reasonable accommodation at certain counters.

76.    At all times here relevant, a primary purpose the ADA and its regulatory regimes is to create inclusion through access.

77.    Prior to March 2012, facilities that availed themselves of the above exceptions at the time were nonetheless required to provide the required clearance at the auxiliary counter or side desk and such auxiliary counters and desks were required to be maintained free and clear of all obstructions so as to be usable by individuals with disabilities.

78.    Accordingly, even if Defendants' facility were pre-existing such that an auxiliary counter was permitted (which it is not), any such auxiliary counter would need to have been installed prior to March 2012 – which Defendants' have not.

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

79.    Even if Defendants' facility were pre-existing such that an auxiliary counter was permitted (which it is not), where, as here, Defendants also include table-seating in the bar area, Defendant would still be required to provide accessible seating spaces at  tables near the bar based on 5% of the total seating at such tables. Defendants have failed to do so.

80.    Even if Defendants' facility were pre-existing such that an auxiliary counter was permitted (which it is not), the designated area would need to provide the opportunity for the full and equal enjoyment of the same amenities, goods, privileges, services and accommodations as those offered to the able-bodied. Defendant's facility does not.

81.    Defendants intentionally fail to provide said opportunity due to their failure to provide indoor bar counters designed and constructed to be accessible, by failing to provide accessible seating within the indoor dining area, by failing to provide accessible booths, and by maintaining policies and procedures which purposely relegate plaintiffs away from the Main Bar and other areas of the facility and  which prevent the plaintiffs from interacting with the server, other bar patrons and the general public.

## 2010 ADA STANDARDS

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601  ● Fax: 305.372.2323

82.    In March 2012 (effective date), the 1994 ADAGG was superseded and since then all public accommodations and commercial facilities must since follow the requirements of the 2010 Standards, including both the Title III regulations at 28 CFR part 36, subpart D; and the 2004 ADAAG at 36 CFR part 1191, appendices B and D (hereinafter the "2010 ADA Standards").

83.    The 2010 ADA Standards eliminated the counter exceptions available previously under the 1994 ADAAG and now require all facilities constructed for first occupancy after March 2012 to design and construct bar counters with an integrated lowered section. Defendants failed to do so.

84.    As a result, areas of the facilities must be, but are unable to be, accessed by the Plaintiffs.

85.    The Defendants have discriminated against the Plaintiffs by promoting policies and erecting barriers to access which deny them access to, and the full and equal enjoyment of the amenities, goods, services, facilities, privileges, advantages and/or accommodations of the premises, as prohibited by 42 U.S.C. § 12182 *et seq.*, and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601  ● Fax: 305.372.2323

86.     If the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, which it is, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA. Defendants have failed to so design and construct this facility to be fully accessible, and have failed to remove barriers as required.

87.     The Defendants are in violation of 42 U.S.C. § 12181 *et seq.*, and 28 CFR §36.302 *et seq.*, and 36 CFR § 1191, *et seq.*, and subpart D of 28 CFR part 36, and are discriminating against Plaintiffs as a result of the following violations:[2]

### <u>MAIN BAR  & OUTDOOR SIDEWALK DINING AREA</u>

a.  There are no permanent accessible seating spaces at the main Bar.
b.  There is no integrated lowered accessible counter at the main bar.
c.  There are no permanent accessible seating spaces provided at the sidewalk dining area on Commercial Boulevard where only high top inaccessible tables are provided for able-bodied patrons.
d.  There is insufficient clear floor space within the dining room area tables that may have otherwise provided for compliant and accessible seating spaces.

---

[2]Due to the architectural barriers encountered, all areas of the premises were not able to be assessed by the Plaintiffs. Accordingly, the above list is not to be considered all-inclusive.  A *complete* list of the subject premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiffs' representatives pursuant to Rule 34 of the Federal Rules of Civil Procedure.

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131  Phone:  305.372.9601  ● Fax: 305.372.2323

g) The parts of the required clear floor space along the accessible route leading to the restrooms are blocked by storage and other items.

88.     The Plaintiffs have been denied access to, and have been denied the benefits and equal enjoyment of the services, amenities, advantages, programs accommodations, and activities of the premises and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of Defendants' existing ADA violations and discriminatory policies and procedures, including, but not limited to, those set forth above.  Furthermore, Plaintiffs will continue to suffer such discrimination, injury and damage and will be deterred from returning to the premises without the relief provided by the ADA as requested herein.

89.     The violations present at Defendants' facility also infringe upon Plaintiffs' right to travel free of discrimination, socialize, meet friends and further business relations.

90.     Plaintiffs have suffered, and continue to suffer, frustration and humiliation as a result of the discriminatory conditions present at Defendants' facility.

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

91.     By continuing to operate a place of public accommodation with intentionally discriminatory conditions, Defendants contribute to Plaintiffs' sense of isolation and segregation and deprive Plaintiffs of the full and equal enjoyment of the amenities, goods, services, facilities, privileges and/or accommodations available to the able-bodied patrons of the general public.

92.     By encountering the discriminatory conditions at Defendants' facility, and knowing that it would be a futile gesture to return unless they are willing to endure additional discrimination, Plaintiffs are deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and are deterred and discouraged from additional travel.

93.     By intentionally maintaining a public accommodation with ADA violations, Defendants deprive Plaintiffs the equal opportunity offered to the general public to freely travel without fear of being subjected to discrimination.

94.     In the future, once the architectural barriers to access have been removed and reasonable changes in policy implemented, and it is absolutely clear that the discriminatory behavior and policies alleged herein cannot reasonably be expected to recur, Plaintiffs will once again visit the subject premises, not only to avail themselves of the amenities, accommodations, services, programs and

-27-

activities available at the facility, but also to assure himself that the subject premises is in compliance with the ADA so that they and others similarly situated will have full and equal enjoyment of the property without fear of discrimination, dignitary harm and threats to their safety.

95.    Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action, and have agreed to pay their counsel reasonable attorneys' fees, including costs and litigation expenses incurred in this action.   Plaintiffs are entitled to recover those attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205.

96.    Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiffs injunctive relief including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are complete.

97.    The Plaintiffs demand a non-jury trial on all issues to be tried herein.

WHEREFORE, Plaintiffs respectfully request the Court issue a permanent injunction enjoining the Defendants from continuing their discriminatory practices and policies, ordering the Defendants to alter the subject premises as appropriate to

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

comply with the ADA, ordering the Defendants to modify their policies and employee training to reasonably ensure compliance with the ADA, order the Defendants to maintain accessible features at the premises, award Plaintiffs their reasonable attorney fees, costs and litigation expenses incurred in this action, and closing the subject premises until the requisite architectural, procedural and policy modifications are completed and implemented.

## COUNT II
### Action for Violations of the Florida Americans With Disabilities Accessibility Implementation Act

93.  This an action for injunctive relief pursuant to the Florida Americans With Disabilities Accessibility Implementation Act pursuant to Title XXXIII, Part II, Chapters 553.501 through 553.513 of the Florida Statutes.

94.  Plaintiffs adopt and re-allege the allegations stated in paragraphs 1 through 33 and 42 – 64 of this Complaint as if fully stated herein.

95.  Florida Statutes § 553.503 adopted and incorporated as law of the State of Florida "the federal Americans with Disabilities Act Accessibility Guidelines, (ADAAG), as adopted by reference in 28 CFR §36, subparts A and D,[4]

---

[4] 28 CFR §§ 36.101, *et seq,* 36.401, *et seq.*

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601  ● Fax: 305.372.2323

and Title II of Public Law No. 101-336,[5]" subject to the additional requirements of Fla. Stat. § 553.504.

96.    Florida Statutes § 553.503, required the adoption of the Florida Accessibility Code for Building Construction (hereinafter FACBC).  The FACBC establishes standards for accessibility to places of public accommodation and commercial facilities by individuals with disabilities to take effect on October 7, 1997.  *See* FACBC Chapter 11 and Fla.  Stat. § 553.503.

97.    In addition, Fla.  Stat. § 553.502 provides that "nothing in ss.  553.01-553.513 is intended to expand or diminish the defenses available to a place of public accommodation under the Americans with Disabilities Act and the Federal Americans with Disabilities Act Accessibility Guidelines, including, but not limited to, the readily achievable standard, and the standards applicable to alterations to places of public accommodation."  Fla.  Stat. § 553.502.

98.    Title XXXIII, Part IV, Florida Building Code, Chapter 553.73(b) of the Florida Statutes provides:

> The technical portions of the Florida Accessibility Code for Building Construction shall be contained in their entirety in the Florida Building Code. The civil rights portions and the technical portions of the accessibility laws of this state shall

---

[5] 42 U.S.C.A. § 12131, *et seq.*

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

> remain as currently provided by law. Any revision or amendments to the Florida Accessibility Code for Building Construction pursuant to part II shall be considered adopted by the commission as part of the Florida Building Code. Neither the commission nor any local government shall revise or amend any standard of the Florida Accessibility Code for Building Construction except as provided for in part II.

Fla. Stat. § 553.73(b), (emphasis added).

99. Title XXXIII, Part IV, Florida Building Code, Chapter 553.84 of the Florida Statutes provides, *inter alia*:

> Notwithstanding any other remedies available, any person or party, in an individual capacity or on behalf of a class of persons or parties, damaged as a result of a violation of this part or the Florida Building Code, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation;

Fla. Stat. § 553.84.

100. The Florida Building Commission updated the Florida Accessibility Code for Building Construction for consistency with the 2010 ADA Standards and Florida law, Part II, Chapter 553, Florida Statutes, in the summer of 2011.

101. The intent as established by s.553.502, Florida Statutes, is to maintain the US Department of Justice certification of the Code as substantially equivalent to the ADA Standards so compliance with the Code provides presumption of compliance with the ADA Standards.

-31-

102.   Title 28 CFR § 36.103(c), provides that the ADAAG "does not invalidate or limit the rights remedies and procedures of any other...State or local law (including State Common Law) that provide greater or equal protection for the rights of the individuals with disabilities or individuals associated with them." *Id.*

103.   At all times here relevant, Defendants had a duty under Fla. Stat. § 553.501, *et seq.*, to provide access to the subject premises by Plaintiffs herein.

104.   On more than one occasion, Defendants breached their duty to provide access to the subject premises by Plaintiffs and thereby discriminated against Plaintiffs, all in violation of Fla. Stat. § 553.501, *et seq.*, as follows:

### MAIN BAR  & OUTDOOR SIDEWALK DINING AREA

    a.    There are no permanent accessible seating spaces at the main Bar.

    b.    There is no integrated lowered accessible counter at the main bar.

    c.    There are no permanent accessible seating spaces provided at the sidewalk dining area on Commercial Boulevard where only high top inaccessible tables are provided for able-bodied patrons.

    d.    There is insufficient clear floor space within the dining room area tables that may have otherwise provided for compliant and accessible seating spaces.

105.   The Plaintiff have been denied access to, and have been denied the benefits and equal enjoyment of the amenities, services, programs,

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601  ● Fax: 305.372.2323

accommodations and activities of the premises and their facilities, and have otherwise been discriminated against and damaged by the Defendants because of Defendants' FACBC violations set forth above.   Furthermore, Plaintiffs will continue to suffer such discrimination, injury and damage, and will be deterred from returning to the subject premises without the relief provided pursuant to the FACBC as requested herein.

106.   Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action, and have agreed to pay their counsel reasonable attorneys' fees, including costs and expenses incurred in this action. Plaintiffs are entitled to recover those attorneys' fees, costs and expenses from the Defendants pursuant to 42 U.S.C. § 12205.[7]

107.   Pursuant to Title 28 U.S.C. § 1367(a), Fla. Stat.  §§ 553.501, *et seq.*, and 42 U.S.C. § 12188, and Fla. Stat. § 553.84, this Court is provided with authority to grant Plaintiffs injunctive relief including an order to alter the subject premises and facilities to make them readily accessible to, and usable by, individuals with disabilities to the extent required by the FACBC, enjoining

---

[7] *Cf.,**Wesley Group Home Ministries, Inc., v.  City of Hallendale,*** 670 So.2d 1046 (Fla.4th Distr.  1996).

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131  Phone:  305.372.9601  ● Fax: 305.372.2323

Defendants' discriminatory policies and procedures and closing the subject premises and facilities until the requested modifications are completed.

108.   The Plaintiffs demands a non-jury trial on all issues to be tried herein.

WHEREFORE, Plaintiffs respectfully requests the Court issue a permanent injunction enjoining the Defendants from continuing its discriminatory practices and policies, ordering the Defendants to alter the subject premises as appropriate to comply with the ADA, ordering the Defendants to modify its policies and employee training to reasonably ensure compliance with the ADA, order the Defendants to maintain accessible features at the premises, award Plaintiffs their reasonable attorney fees, costs and litigation expenses incurred in this action, and closing the subject premises until the requisite architectural, procedural and policy modifications are completed and implemented.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing document is being served on Defendants' Registered Agents and has been filed via transmission of Electronic Filing generated by CM/ECF.

Dated this 18th day of October, 2019.

-34-

Respectfully Submitted,

**Jeffrey Hirsh, P.A**
Goldberg & Hirsh, P.A.
Attorney for Plaintiff, Enrique Madrinan,
Florida Bar No. 207810
1 SE 3rd Ave, Miami, FL 33131
Office: 305-372-9601
Cell: 305-372-9601 - No Text Messages
Fax: 305-372-2323
Emails: jhirsh@goldberghirshpa.com
        agarcia@goldberghirshpa.com

-35-